IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MANUEL I. GUILLERMETY MÉNDEZ** | |
| Plaintiff | **CASE NO.** |
| v. | |
| **CARDMEMBER SERVICES ET AL.,** | REMOVED FROM THE COURT OF FIRST INSTANCE, COMMONWEALTH OF PUERTO RICO, SAN JUAN PART, CIVIL NO. SJ2021CV02348 |
| Defendants | |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT**:

Pursuant to 28 USC § 1332, 28 USC § 1441 and 28 USC § 1446, Defendants[1] Citibank, N.A. and Home Depot U.S.A., Inc., collectively referred to as the "Defendants", hereby request the removal of the above-captioned action from the P u e r t o  R i c o  Court of First Instance, San Juan Part, Civil Case No. SJ2021CV02348 (hereinafter "State Court Action"), to the United States District Court for the District of Puerto Rico and, as grounds for its removal, state as follows:

### I.    INTRODUCTION

1. On April 16, 2021, Mr. Manuel I. Guillermety Méndez (hereinafter, the "Plaintiff") filed a Complaint against Cardmember Services, The Home Depot Credit Services, The Home Depot, The Home Depot Consumer Credit Card, Citi Cards and Citibank, N.A., for breach of contract and damages[2] (hereinafter, the "State Court Action").  A copy of the Complaint with its exhibits is attached as **Exhibit I** hereto.

---

[1] The Defendants were incorrectly identified as Defendants in the State Court Action as follows:  Cardmember Services, The Home Depot Credit Services, The Home Depot Consumer Credit Card and Citi Cards.
[2] Even though the Complaint caption included Breach of Contract and Damages as the matters related to the claim, no specific breach of contract allegations were made, nor allegedly violated contract sections were included or cited.

2. On April 27, 2021, Defendant Home Depot U.S.A., Inc.[3] was served with the summons and a copy of the Complaint.

3. As of today, Citibank, N.A.[4] has not been served a copy of the Complaint.

4. The Complaint alleged, in synthesis, that the Defendants had an incorrect mailing address for Plaintiff's credit card account, where they had been sending the monthly statements, which resulted in Plaintiff allegedly never receiving the same and having to pay a guesstimate of his charges.[5]  Plaintiff further alleged that over an 18-month period, Defendants failed to correct Plaintiff's mailing address, preventing him from noting and disputing excess charges, including interest and penalty fees.[6] The Complaint also stated that, after having good credit and not applying for a loan throughout a period of 8 years, he applied for loans to operate his elevator manufacturing business and was repeatedly declined a loan due to low credit score, as a result of Defendants' malicious and incorrect charges and negative reports to the credit bureaus.[7]

5. The Complaint asserted three causes of action:  Requests the Court in the State Court Action to: (1) Grant personal and economic damages against the Defendants in the amount of $235,000.00, (2) order the Defendants to correct any negative reports that may appear in the credit bureaus with respect to the Plaintiff's credit card account with the Defendants, and (3) enter a cease-and-desist order against the Defendants, ordering them to remove the Plaintiff's negative credit report in the credit bureaus, with respect to the Plaintiff's credit card account with the Defendants. (*See* **Exhibit I** – Complaint, Pages 6-7, unnumbered paragraphs)

## II. STANDARD OF REVIEW FOR REMOVAL

---

[3] Defendant Home Depot U.S.A., Inc. was incorrectly identified as a Defendant in the State Court Action as follows: The Home Depot Credit Services and The Home Depot Consumer Credit Card.
[4] Defendant Citibank, N.A. was incorrectly identified as a Defendant in the State Court Action as follows: Cardmember Services and Citi Cards.
[5] *See* **Exhibit I** – Page 2, ¶ 2, 5 and 7 of the Complaint.
[6] *See* **Exhibit I** – Page 2, ¶ 2, 3, 4, 8; Page 5, ¶ 40; Page 6, ¶ 54 and 58 of the Complaint.
[7] *See* **Exhibit I** – Page 2, ¶ 6; Page 5, ¶ 45-48 of the Complaint.

6.   Pursuant to the federal removal statute 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." In order for a district court to have original jurisdiction over a civil action, it must be determined that "the case could have been filed originally in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction." Villegas v. Magic Transp., Inc., 641 F. Supp. 2d 108, 110 (D.P.R. 2009) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)).

### A.  DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

7.   Section 1332 of Title 28, 28 USC § 1332(a)(1), provides, in relevant part, as follows:

(a) "The district courts **shall have original jurisdiction** of all civil actions where the matter in controversy **exceeds the sum or value of $75,000**, exclusive of interest and costs, and is between -

**(1) citizens of different States**…" [Emphasis supplied].

8.   Meanwhile, Section 1441 of Title 28, 28 USC § 1441 (a), provides, in relevant part, as follows:

(a) "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States **have original jurisdiction**, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9.   For purposes of analyzing diversity jurisdiction, a person is a "citizen" of the State in which he or she is domiciled, see Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991), a corporation is deemed to be a citizen of the State where it is incorporated and where it has its "principal place of business," 28 U.S.C. § 1332(c)(1), and a national banking association "is a citizen of the State in which its main office, as set forth in its articles of association, is located,"

3

Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006); see also McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012) (holding that a national bank is a citizen of the state in which its main office is located as designated in the bank's articles of association); Punta Lima, LLC v. Punta Lima Dev. Co., LLC, No. 19-1673, 2019 WL 9829122, *1 (D.P.R. Nov. 21, 2019) (same).

10. Here, the Complaint alleges that Plaintiff's physical and mailing address is the following:  La Cumbre Garden, Apt. 205, Santa Rosa St. #200, San Juan, P.R., 00926-5635. (Refer to first - unnumbered- paragraph of **Exhibit I** - Complaint, Page 1).

11. Contrary to Plaintiff, Citibank, N.A. is a national bank with its main office located at 5800 S Corporate Place, Sioux Falls, SD 57108, and Home Depot U.S.A., Inc. is incorporated in Delaware and has its principal place of business in Atlanta, Georgia.  Given that all parties are in different states, there is complete diversity between the Plaintiff and Defendants in this action.

12. Additionally, the amount in controversy is satisfied.  By the allegations of the Complaint, the amount in controversy exceeds the $75,000 threshold.  See 28 U.S.C. § 1446(c)(2).  In the Complaint, Plaintiff requested personal compensatory and economic damages in the amount of $235,000.00.  Because Plaintiff initiated the case in state court requesting damages in excess of $75,000, there is a presumption that Plaintiff did not inflate the damage claim in order to support federal diversity jurisdiction.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290, 58 S. Ct. 586, 82 L. Ed. 845 (1938); see also US .I. Properties Corp. v. MD Constr. Co., 230 F.3d 489, 499–500 (1st Cir. 2000) (defining " State " to include Puerto Rico for purposes of diversity jurisdiction under 28 USC § 1332).  Thus, based on the Complaint, the amount in controversy is satisfied.  See Esquilin–Mendoza v. Don King Prods., Inc., 638 F.3d 1, 4 (1st Cir.2011) (citing Barrett v. Lombardi, 239 F.3d 23, 30 (1st Cir.2001) ("[T]he amount specified by the plaintiff controls, as long as that amount is asserted in good faith.")).

13. Moreover, while Plaintiff failed to provide a breakdown of his alleged damages, he stated that due to false information and incorrect reports made by the Defendants to the credit bureaus, he was unable to obtain a loan to operate and expand his elevator manufacturing business and was forced to temporarily cease operations, also stating that the last time he had applied for a loan was 8 years ago.[8] Plaintiff further alleged irreparable damages due to Defendants' negligence, which allegedly placed him in a precarious financial situation.[9]   Thus, based upon Plaintiff's Complaint only and without conceding that the claims have merit (Defendants assert that the claims lack merit), the amount specified by Plaintiff appears to be asserted in good faith, and the amount in controversy requirement is satisfied.

14. Therefore, this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) due to complete diversity of citizenship between the Plaintiff and the Defendants, and because over $75,000.00, exclusive of interest and costs, is in controversy and being claimed in the State Court Action. Hence the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.


### B.  FEDERAL QUESTION

15. Section 1331 of Title 28, 28 U.S.C. § 1331, states:

> "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treatise of the United States."

14. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 due to actions alleged in the State Court Action arising under laws of the United States.  Specifically, the State Court Action alleged facts that, though missing specific causes of action and decrees, are unequivocally pursuant to the *Fair Credit Reporting Act* ("FCRA") and the *Fair Credit Billing Act* ("FCBA"), which are

---

[8] *See* **Exhibit I** – Page 2 ¶ 6, Page 5 ¶47-48, and Pages 6-7 (unnumbered paragraphs and prayer for relief) of the Complaint; and **Exhibit II** – Loan Rejection Letter from Banco Popular de Puerto Rico.
[9] *See* **Exhibit I** – Pages 3-4, ¶ 25 and 27 of the Complaint.

both federal statutes.

### *The Well-Pleaded Complaint Rule*

15.  The United States Supreme Court has established that, ordinarily, a plaintiff is the "master of the complaint." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). As such, the well-pleaded complaint rule enables a plaintiff to have their cause of action heard in state court by "eschewing claims based on federal law." Caterpillar Inc. v. Williams, 482 U.S. at 398-399 (1987). Therefore, "if the allegations presented in the complaint are premised only on local law, the claim cannot be deemed to have arisen under federal law and the case cannot be removed." Iturrino Carrillo v. Marina Puerto del Rey Operations, LLC, 432 F. Supp. 3d 7 (D.P.R. July 26, 2019). [Emphasis added]. *Citing* Negron-Fuentes v. UPS Supply Chain Sols., 532 F.3d 1, 6 (1st Cir. 2008) and Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG., 510 F.3d 77, 93 (1st Cir. 2007). Even when plaintiffs could have asserted a federal law claim, this District has recognized their discretion to decline to do so. *See* Villegas, 641 F. Supp. 2d at 112-13.

16. As an exception to the well-pleaded complaint rule, "certain state claims are subject to removal, even if they purport to rest only on state law, because **the subject matter is powerfully preempted by federal law, which offers some 'substitute' cause of action**." Negron-Fuentes, 532 F.3d at 6. [Emphasis added] Although the Plaintiff did not mention these laws (or any law) specifically, he asserted claims that clearly arise under the FCRA and FCBA[10] which, as discussed below, constitute subject matters preempted by federal law.

---

[10] The Complaint in the State Court Action seems to present a claim under Puerto Rico's general tort statute, Article 1536 (previously known as Article 1802) of the Puerto Rico's Civil Code. P.R. Laws Ann. tit. 31, § 5311 (2020), although it failed to include such statute in the Complaint itself.

*Fair Credit Reporting Act*

17. The FCRA was enacted by Congress "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52, 127 S. Ct. 2201, 2205, 167 L. Ed. 2d 1045 (2007). To achieve this purpose, Section 1681s-2 of the FCRA establishes a series of duties and responsibilities for entities that furnish information to consumer reporting agencies ("CRAs") to abide by. 15 U.S.C. § 1681s-2.

18. Namely, under this section, furnishers of information[11] are obligated to provide accurate information to consumer reporting agencies and investigate and report any disputes they receive from consumers. *Id*. In addition to imposing said duties, the FCRA also limits the liability of furnishers of information and other persons covered by the law. Generally, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to [...] this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer. 15 U.S.C.A. § 1681h(e).

19. Beyond limiting the liability for furnishers of information, the FCRA explicitly states "no requirement or prohibition may be imposed under the laws of any State" with regards to the "responsibilities of persons who furnish information to consumer reporting agencies" pursuant to section 1681s-2. 15 U.S.C. § 1681t(B)(1)(F). In other words, the FCRA preempts state law

---

[11] 12 C.F.R. § 1022.41 – Definitions - **(c)** *Furnisher* means an entity that furnishes information relating to consumers to one or more consumer reporting bureaus for inclusion in a consumer report.

claims against entities that provide information to CRAs with regards to how they report credit information and handle consumer disputes.

20. Therefore, in cases where the FCRA completely preempts state law, the complaint does not need to explicitly contain a claim under the FCRA in order to be properly removed. *See* Keller v. Bank of Am., N.A., 228 F. Supp. 3d 1247, 1253 (D. Kan. 2017). ("Although plaintiff does not specifically claim that defendant is a 'furnisher,' plaintiff alleged sufficient facts that he is a consumer within the meaning of the statute, and that defendant has provided incorrect information concerning plaintiff's bank account.")

21. As the master of his complaint, Plaintiff chose not to invoke any applicable federal statute. Although federal jurisdiction cannot be avoided by presenting only state law claims when complete preemption applies, plaintiffs must still allege sufficient facts so that their claims effectively arise under the preempting federal statute. In this case, Plaintiff specifically alleged facts and claims regarding erroneous credit reporting[12]. The claims against Defendants are related to their capacity and responsibilities as furnishers of credit information and, thus, fall within the scope of preemption established by Section 1681t of the FCRA. *Id.* Additionally, Plaintiff included the furnishers of credit information as Defendants, named who was reporting incorrect information and alleged, albeit summarized, the information that was being falsely reported. The above inclusions in the Complaint are indicative that Plaintiff did present claims arising under the FCRA and FCBA, and that his lawsuit is predicated on violations of both of these statutes.

---

[12] *See* **Exhibit I** – Page 2, ¶ 3, 8, 9 and 16; Page 3, ¶ 17-19, 23 and 25; Page 5, ¶ 46; Page 6, ¶ 50-51 of the Complaint.

### *Fair Credit Billing Act*

22. "Congress enacted the FCBA in order to regulate billing disputes involving 'open end consumer credit plans[13].'" *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 880 (9th Cir. 2011) (quoting 15 U.S.C. § 1666). "If a credit-card holder sends a written notice disputing a charge within sixty days of receiving a bill, the FCBA requires a credit-card issuer to acknowledge the dispute within thirty days, investigate the matter, and provide a written explanation of its decision within ninety days." *Lyon*, 656 F.3d at 880. "After receiving notice from an obligor as provided in section 1666a(a) or this title, a creditor or his agent may not directly or indirectly threaten to report to any person adversely on the obligor's credit rating or credit standing because of the obligor's failure to pay the amount indicated by the obligor[.]" 15 U.S.C. § 1666a(a).

23. In this case, the Plaintiff repeatedly alleged in his Complaint that his mailing address where his credit cards statements were being sent was incorrect[14], resulting in not receiving his monthly statements and not knowing the amount owed nor the excess charges the Defendants were allegedly placing on his account. He further stated that he reported this situation no less than 20 times in person[15], in addition to 3 separate written requests sent to both Defendants[16], to no avail. By specifying that his account was related to a credit card with Home Depot, it is deemed as alleged that his loan constituted an open-end credit transaction. Plaintiff's factual allegations related to his credit card account dispute falls under the FCBA, which "seeks to prescribe an orderly procedure

---

[13] "An open end credit plan is one where the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance." Roybal v. Equifax, 405 F. Supp. 2d 1177, 1182 (E.D. Cal. 2005); *see* 15 U.S.C. § 1602(j).

[14] Plaintiff never specifies to which mailing address Defendants' communications were being sent.

[15] *See* **Exhibit I** – Page 4, ¶ 29; and Page 5, ¶ 42 of the Complaint.

[16] *See* **Exhibit I** – Page 3, ¶ 20 of the Complaint. Additionally, Page 2, ¶ 13 stated that Plaintiff wrote to Defendants to 5 different addresses on January 19, 2021. He further alleged on Page 2, ¶ 12 that over 4 calls were made between November and December, 2020.

for identifying and resolving disputes between a *cardholder* and a *card issuer* as to the amount due at any given time." *See* 15 U.S.C. § 1666; *see also* Gray v. Am. Express Co., 743 F.2d 10, 13 (D.C. Cir. 1984).

24. Finally, and further adding to the federal question review as to both of these statutes, it is worth noting that in his prayer for relief, Plaintiff also requested an order against the Defendants to correct any negative reports that may appear in the credit bureaus with respect to the Plaintiff's credit card account with the Defendants, as well as an injunction[17], as it requested the Court to enter a cease-and-desist order against the Defendants, ordering them to remove the Plaintiff's negative credit report in the credit bureaus with respect to the Plaintiff's credit card account with the Defendants.

25. In light of the above, the State Court Action is ultimately based on erroneous credit reporting activity and consumer dispute handling allegedly performed by the Defendants, actions that are preempted by the FCRA, as well as billing disputes related to the Plaintiff's credit card account statements which Defendants allegedly failed to correct, which fall under the FCBA.[18]   Therefore, a federal question is indisputably involved in Plaintiff's claims that also preempts the state claims included in his State Court Action, clearly justifying the removal to federal court.

---

[17] *See* **Exhibit I** – Pages 6-7 of the Complaint- unnumbered paragraphs. Although in the Complaint's prayer for relief, Plaintiff requests a cease-and-desist order against Defendants, the Complaint fails to comply with the requirements of an Injunction proceeding nor does it include such remedy in its caption.
[18] *See* **Exhibit I** – Complaint, Pages 2-7, ¶ 1-5, 8-11, 16-21,23, 24, 25,26,27,29,30,31-33-37,40-45,47,52-54,56,57,58-59

### III.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

26. Appearing Defendants[19] jointly consent to the removal of this case to the United States District Court for the District of Puerto Rico. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, orders, and documents from the State Court Action which have been served upon Home Depot U.S.A., Inc.[20] are being filed with this Notice of Removal.  *See* **Exhibit I**. Defendants hereby inform this Court that they will be requesting, via a separate motion, a 30-day extension to submit the certified translations to the English language of some of the documents contained in **Exhibit I** of this Notice of Removal (namely, Plaintiff's Complaint, summons and a loan rejection letter sent to the Plaintiff by Banco Popular de Puerto Rico, which are all in the Spanish language).

27. This Notice of Removal has been filed within thirty (30) days of the date in which Home Depot U.S.A., Inc. was served with the summons of the Complaint in this matter.  Removal is therefore timely, in accordance with 28 U.S.C. § 1446(b).

28. Venue properly lies with this Court pursuant to 28 U.S.C 1441 (a) and 1446 (a), as the U.S. District Court of the Court of Puerto Rico is the district court of the United States for the district and division within which the State Court Action -Puerto Rico Court of First Instance- is pending.

29. Pursuant to 28 USC § 1446(d), the Defendants will promptly file a copy of the Notice of Removal with the clerk of the State Court and will promptly provide the Plaintiff a copy of this Notice of Removal.

---

[19] Although Plaintiff erroneously named several incorrectly identified defendants/corporate entities, the appearing Defendants compose the totality of defendants required to be accumulated for the claims included in the Complaint.
[20] Defendant Home Depot U.S.A., Inc. was incorrectly identified as a Defendant in the State Court Action as follows: The Home Depot Credit Services and The Home Depot Consumer Credit Card.

## IV.    NON-WAIVER OF DEFENSES

By this Notice of Removal, the Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. The Defendants do not admit any of the allegations contained in the Plaintiff's State Court and expressly reserve all defenses, motions and/or pleas.

**WHEREFORE**, the Defendants respectfully  provide  notice  of  removal of the State Court Action  and  request  that  this cause of action proceed before this Court as an action properly removed.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, May 27th, 2021.

**PIRILLO LAW LLC**
PO Box 194981
San Juan, PR 00919-4981
Tel.: (787) 957-3082

By: */s/ Mónica A. Sánchez*
Mónica A. Sánchez
USDC-PR No. 225403
msanchez@pirillolaw.com

*Attorney for Citibank, N.A. and*

*Home Depot  U.S.A., Inc.*

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that today we electronically filed this document with the Clerk of the Court using the CM/ECF system which shall automatically notify the parties attorney of record at his e-mail addresses and which, pursuant to Local Civil Rule 5(b)(2), constitutes the equivalent of service.  Additionally, on this same date, the foregoing Disclosure Statement was sent via courier to the **Clerk of the Court of First Instance**, San Juan Part in the State Action, and via email to the Plaintiff, **Manuel I. Guillermety Méndez** at:   jumangui@gmail.com and via certified mail at the following address: La Cumbre Garden Apto. 205 Calle Santa Rosa #200 San Juan, P.R. 00926-5635.

**Exhibit I**

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE SAN JUAN

| | |
|---|---|
| MANUEL I. GUILLERMETY MENDEZ<br>DEMANDANTE<br><br>VS<br><br>CARDMEMBER SERVICES,<br>THE HOME DEPOT CREDIT SERVICES,<br>THE HOME DEPOT,<br>THE HOME DEPOT CONSUMER CREDIT CARD,<br>CITI CARDS y<br>Citibank, N.A.<br><br>DEMANDADAS | CIVIL NUM.:<br>SOBRE: INCUMPLIMIENTO DE CONTRATO,<br>DAÑOS Y PERJUICIOS |

RECIBIDO-SECRETARIA
CJ DE SAN JUAN
2021 APR 16 P 12: 17

**D E M A N D A**

**AL HONORABLE TRIBUNAL:**

Comparece la parte demandante, Manuel I. Guillermety Méndez, quien muy respetuosamente EXPONE, ALEGA Y SOLICITA:

**LAS PARTES:**

Que la dirección física y postal del demandante, Manuel I. Guillermety Méndez es: La Cumbre Garden, Apto. 205, calle Santa Rosa # 200, San Juan, Puerto Rico, 00926-5635.

Que las demandadas y sus direcciones son:

CARDMEMBER SERVICES, dirección postal P.O. Box 6497, Sioux Falls, SD, 57117-6497;

THE HOME DEPOT CREDIT SERVICES, dirección postal P.O. Box 9001010, LOUISVILLE, KY, 40290-1010;

THE HOME DEPOT, con la dirección postal P.O. Box 790393, Saint Louis, Mo., 63179;

THE HOME DEPOT CONSUMER CREDIT CARD, dirección postal P.O. Box 790393, St. Louis, Mo., 63179;

CITI CARDS, con la dirección postal P.O. Box 790345, Saint Louis, Mo., 63179-0345; y

Citibank, N.A., con la dirección postal, P.O. Box 790393, Saint Louis, Mo, 63179, todas estas entidades autorizadas a hacer negocios en el Estado Libre Asociado de Puerto Rico.

**CAUSAS DE ACCION**

1- Que las demandadas, en lo sucesivo llamadas "Home Depot" y "Citi", fallaron al poner la dirección equivocada y fallaron al mantener en sus archivos la dirección incorrecta del demandante durante más de 2 años, evitando que el demandante supiera sobre los cargos hechos a la cuenta de la tarjeta

número 6035 3209 6448 8306 de THE HOME DEPOT, incluyendo un interés altísimo y cargos por demora, hasta el día de hoy.

2- Que Home Depot y Citi, se confabularon para hacer pagar a Manuel Guillermety cantidades exageradas de dinero en intereses durante los sobre dos años de abierta la cuenta a una dirección equivocada.

3- Que Home Depot y Citi le dieron información falsa y dañina sobre Manuel Guillermety a varias agencias de crédito afectando el crédito de Manuel Guillermety. (Carta del Banco Popular, Ver Exhibit #1)

4- Que maliciosamente y sin consideración Home Depot y Citi afectaron el crédito del demandante y no permitieron que el demandante lo supiera hasta dos años después cuando en realidad la cuenta estuvo al día durante todo este tiempo, ya que Manuel Guillermety estaba pagando su cuenta, aunque no recibía las facturas.

5- Que al demandante no recibir las facturas por correo, porque las demandadas tenían la dirección equivocada en los archivos de Citi y Home Depot, este optó por pagar la cuenta de Home Depot y Citi, evitando así una delincuencia.

6- Que Manuel Guillermety tenía buena puntuación en su crédito, el cual no había usado desde hacía sobre 8 años y no tenía deudas con el comercio.

7- Que, aunque no recibió facturas o estado de cuenta mensual, Manuel Guillermety continuó pagando su tarjeta de crédito donde en muchas veces pago cantidades mayores.

8- Que, al no recibir estas cuentas o información de Home Depot o Citi, causó que Manuel Guillermety no se enterara de que Home Depot y Citi le habían dado información negativa a las agencias de crédito causándole daños incalculables a Manuel Guillermety.

9- Que las demandadas afectaron el crédito de Manuel Guillermety anunciando a las agencias de crédito sobre su condición crediticia negativa, donde la información suplida era incorrecta.

10- Que Home Depot y Citi habían estado anotando en la cuenta del demandante, sin que este lo supiera, cantidades incorrectas de intereses y mora porque por error de Home Depot y Citi, no había comunicación de parte de Home Depot y Citi con el demandante.

11- Que, en el mes de octubre de 2020 por medio de información dada por teléfono a Citi el demandante comenzó una investigación sobre porque no le llegaban las facturas y le solicitó a Citi que le enviara un recuento de todas las transacciones y esta nunca llego por correo.

12- Que el demandante llamó a Citi en noviembre y en diciembre en sobre 4 oportunidades y el resultado fue el mismo, no llegaba el correo al apartado de correo.

13- Que el demandante optó por escribirle a las (5) cinco direcciones de Home Depot y de Citi, en enero 19 de 2021 para conseguir comunicación y solo contestó la carta THE HOME DEPOT, con la dirección postal P.O. Box 790394, Saint Louis, Mo., 63179.

14- Que a la fecha de enero de 2021 ya le había dado todas mis credenciales a Home Depot en dos oportunidades, por lo que Home Depot y Citi pudieron arreglar el inconveniente causado al demandante.

15- Que, en su carta del 6 de febrero de 2021, los demandados solicitaron la información nuevamente y por tercera vez se le entrego la misma por correo. cuando ya se le había entregado la información.

16- Que en marzo 17 de 2021 recibí nuevamente una petición solicitando que le enviara la información nuevamente. En esta oportunidad me incluyeron una nota diciendo que no harían absolutamente nada relacionado con mi solicitud de urgencia de que se comunicaran con las agencias de crédito,

hasta que Manuel Guillermety le enviara nuevamente la información solicitada. Ya a este momento había varias agencias de crédito envueltas: Equifax, Experian, Transunion, entre otras.

17- Que, aunque por tercera vez se les envió la información a los demandantes, continuaron sin corregir el inconveniente ante las agencias de crédito, aumentando los daños ocasionados a Manuel Guillermety. Al continuar con el error de tener una dirección equivocada como dirección de Manuel Guillermety en sus archivos, Citi y Home Depot crearon un inconveniente mayor al no corregir la situación ante las agencias de crédito, al continuar dando información falsa a las agencias de crédito sobre el crédito del demandante. Esto causó que el índice de crédito de Manuel Guillermety bajara a 567. (ver Exhibit # 3)

18- Que en carta de otros bancos, Cross River y Freedom Plus, Experian dio un reporte de crédito de 514.(ver Exhibit #5)

19- Que correspondía que Citi y Home Depot en octubre de 2020, les enviaran a las agencias de crédito, como Equifax, la información corregida de crédito del demandante, pero no lo hicieron, incluso cuando era de su conocimiento desde hacía más de 6 meses al día de hoy, cuando pudieron informar a las agencias de crédito sobre este error.

20- Que el demandante le envió a los demandados tres cartas en distintas fechas, estas entregadas y a la vez, múltiples llamadas solicitando los documentos y las acciones en el transcurso de 6 meses. En estas cartas, el demandante les demostraba a los demandados, que no se le adeuda a Home Depot cantidad alguna, y menos aún, que haya habido razón alguna para presentar un reporte negativo y tan perjudicial para Manuel Guillermety ante las agencias de crédito. Lo que debieron hacer Citi y Home Depot era leer las cartas enviadas por el demandante para así corregir la cuenta y las anotaciones tan negativas dadas a las agencias de crédito.

21- Que ni Citi, ni Home Depot vieron, ni leyeron lo escrito en las cartas del demandante, lo que demuestra la mala voluntad que Citi y Home Depot tenían en todo momento. Las cartas enviadas por el demandante demostraban que no había deuda de este a Home Depot y/o Citi, y que por lo contrario había un descuido que mostraba el maltrato que Home Depot y Citi tenían hacia Manuel Guillermety, ( ver Analisis por Manuel Guillermety, Exhibit #4)

22- Que esto demuestra la mala voluntad y falta de profesionalismo de parte de Citi y de Home Depot.

23- Que el demandante prácticamente le suplicó a Citi y a Home Depot, que corrigiera la información errónea de crédito dada a las entidades de crédito, para mitigar los daños ocasionados al demandante donde le debían corregir el crédito al demandante con prontitud.

24- Que, en la carta de Citi del 17 de marzo de 2021, como respuesta a la petición de Manuel Guillermety, los demandados enviaron nuevamente la misma carta enviada en febrero 8 de 2021, donde volvían a solicitar la información que había sido entregada inicialmente, solicitada y enviada por tercera vez, información ya entregada desde enero de 2021, hace tres meses. Los demandados dieron a entender por sus acciones, que no miraron ni leyeron las cartas advirtiéndoles que el daño que le habían hecho a Manuel Guillermety era extenso y este daño estaba incrementando exponencialmente.

25- Que, desde octubre de 2020, por negligencia de los demandados, cuando el demandante solicitó en el Banco Popular un préstamo, se percató de que Citi y Home Depot habían reportado equivocadamente un mal reporte, haciéndole un daño irreparable, pues nunca le informaron a las agencias de crédito sobre el error cometido por Home Depot y Citi una vez se les advirtió.

26- Que, al día de hoy, la información corregida para reparar el daño a Manuel Guillermety de parte de Citi y de Home Depot no se ha enviado a las agencias de Crédito del Consumidor, donde, por lo contrario, según carta a Manuel Guillermety escrita por Citi y Home Depot del 17 de marzo de 2021, Citi y Home Depot, se mantienen en su posición de afectar el crédito de Manuel Guillermety. (Ver Exhibit # 3)

27- Que la solicitud de corregir el daño ocasionado a Manuel Guillermety por Home Depot y Citi se hizo hace 6 meses y por negligencia crasa de los demandados, estos aún no corrigieron la dirección del demandante en el archivo de Citi y de Home Depot, ni han corregido la cuenta, ni han informado a las agencias de crédito sobre su error, lo que ha causado que Manuel Guillermety prácticamente este en una situación económica precaria.

28- Que incluimos con esta demanda una copia reciente de la relación de deuda de la cuenta de Manuel Guillermety en Citi y Home Depot, preparada por Manuel Guillermety con información suplida por Citi y Home Depot en enero de 2021, donde se demuestra que la cuenta esta en un balance positivo a favor de Manuel Guillermety. (Ver Exhibit #4)

29- Que en más de 20 oportunidades Manuel Guillermety fue a Home Depot, sucursal de Montehiedra, informando que no estaba recibiendo correspondencia de la cuenta.

30- Que cuando se llamó a Citibank por medio de Servicio al Cliente en las facilidades de Home Depot, solicitando se corrigiera el problema debido a la falta de recibo de la correspondencia, (no fue sino hasta mitades de enero de 2021, que al recibir la primera correspondencia de Home Depot y Citi, supe del error en el momento en que me percaté de que tenían mi dirección equivocada), pues Home Depot y Citi, no se habían dado cuenta de que tenían la dirección de la cuenta totalmente errada. En todo momento, los empleados de Citi contestaron que estaban revisando la corrección, y que la corrigieron, pero esto no fue así.

31- Que el demandante se comunicó en repetidas oportunidades, incluso desde su casa, con Home Depot y con City informándole del error y que estos hicieron caso omiso, cargándole sobre 50 dólares mensualmente, lo cual ha continuado hasta el día de hoy, dos años después.

32- Que Home Depot y Citi subieron el % de interés en el contrato a su beneficio sin el conocimiento de Manuel Guillermety afectándolo su crédito.

33- Que Citibank llego a cargar un interés exorbitante e injusto de un 25.99%, afectando la cuenta del demandante, por razón del error de Citi durante dos años.

34- Que esta falta de comunicación por estar incorrecta la dirección, causó que el demandante no pudiera darse cuenta del aumento de la deuda en la cuenta donde mensualmente se le cargaban sobre $ 50 en intereses y atrasos indebidamente puesto que el demandante no recibía información por el error de Citi.

35- Que estos errores en la dirección del demandante, causaban que la cuenta se subiera a una cantidad mayor, sin que el demandante lo supiera o fuese informado.

36- Que Home Depot y Citi nunca corrigieron el error en la dirección del demandante, lo que hizo que el problema se agravara afectando el crédito de Manuel Guillermety.

37- Que incluso en septiembre de 2020, en una conversación telefónica, el personal de Citi rebajó unos 55 dólares del cargo por demora e intereses de un mes según solicito Manuel Guillermety, cundo le dijeron que ese mes había cargos por intereses y recargos por no estar al día en su cuenta y según informo la supervisora, se corregiría. Sin embargo al ver las facturas posteriormente en enero de 2021, Manuel Guillermety se percató de la estrategia que Citi estaba usando de cobrar los intereses

y demoras cuando no los había.  Según supe luego, continuaron cargando el interés y el pago por demora de la mensualidad de septiembre de 2020 en adelante. En esa fecha, tampoco hicieron las correcciones en la dirección del demandante en el archivo de Home Depot y de Citi.

38- Que el demandante estuvo pagando cantidades mayores a lo requerido para mantener la cuenta al día, ya que, aunque no sabía cuál era el total de la deuda y tampoco los cargos mensuales, el demandante estuvo pagando, según podía calcular, lo que se debía, para mantener la cuenta al día. Siempre se pagaban cantidades mayores para asegurarse de que así la cuenta estuviese al día. En efecto, cuando se recibieron las facturas enviadas por Citi, en enero de 2021, el demandante se percató de que lo que se había pagado era mayor de lo que Citi cobraba mensualmente, por lo que la cuenta estaba al día. (Ver Exhibit # 4)

39- Que el demandante necesita que se le incluya una relación de los cargos hechos por Home Depot y Citi, detallando los cargos y créditos a la dirección correcta, para compararlo con el análisis presentado a Citi y a Home Depot preparado por Manuel Guillermety, (Exhibit # 4).

40- Que incluso aquí se demuestra que no hubo la menor intención de corregir el error cometido con idea de mantener el cobro de los intereses y mora conceptuado por Citi y Home Depot.

41- Que el demandante habló con varios empleados de Home Depot quienes le hicieron muchas promesas de corregir el error, pero no hubo resultados.

42- Que en sobre 20 oportunidades, luego de hablar personalmente con los empleados de Home Depot, al conseguir conversación telefónica con los de Citi, y explicarles la situación, aunque me daban la razón, no actuaban de acuerdo al no corregir la dirección del demandante en los archivos de Citi.

43- Que el demandante tuvo un sinnúmero de conversaciones telefónicas con empleados de Citi desde su lugar de trabajo, donde los empleados de Home Depot y de Citi me calmaban para luego decirme que me iban a dar crédito a todos los errores cometidos en intereses y moras por no tener la dirección correcta, sin embargo, no pasó nada y no me corrigieron la dirección.

44- Que, si consideramos las veces que cobraron intereses y mora indebidamente y durante más de 18 meses, llega a una cantidad mayor que la deuda actual.

45- Que Home Depot y Citi con su acción irresponsable hicieron un daño económico a Manuel Guillermety al no notificarle de esta situación, puesto que nunca le corrigieron la dirección.

46- Que Manuel Guillermety vio posteriormente en octubre de 2020, mucho tiempo después, como se le afectó el crédito al saber de este error por medio del Banco Popular, donde había ido a solicitar un préstamo para continuar con su empresa de elevadores. Fue una sorpresa recibir una notificación del banco de que Manuel Guillermety tenía un índice crediticio sumamente bajo de 599, lo que imposibilitaba se hiciera el préstamo, (Exhibit # 1).

47- Que, desde mayo de 2020, Manuel Guillermety comenzó a fabricar elevadores de dos niveles en su taller de fabricación de elevadores, y tuvo que parar operaciones pues necesitaba un crédito para continuar sus operaciones, pero por la situación creada por Home Depot y Citi su petición de préstamo fue denegada. Esto por segunda vez y por tercera vez llegando a tener un índice de crédito de 514, (Exhibit #5).

48- Que Manuel Guillermety no solicita crédito en la banca desde hace más de 8 años, por lo que se entendía tenía su crédito perfecto y no había razón para pensar que le denegaran el préstamo solicitado.

49- Que Manuel Guillermety estaba tramitando un préstamo para la expansión económica de su negocio y que, por razón de esta situación, llegó al Banco Popular de Puerto Rico a solicitar un préstamo.

50- Que Manuel Guillermety al investigar su crédito en la agencia Equifax, fue informado que su índice crediticio era de 567, (Exhibit # 2).

51- Que Manuel Guillermety al posteriormente solicitar el préstamo en otros bancos, supo con la negativa que su índice crediticio estaba en 514 en la agencia Experian, (Exhibit # 5).

52- Que ahora, Manuel Guillermety tendrá que esperar a que la situación causada por las demandadas, se corrija para solicitar el préstamo nuevamente.

53- Que este hecho anteriormente explicado ocurrió el 10 de octubre de 2020, donde el demandante se percató del daño que las demandadas le estaban haciendo.

54- Que en ese mismo momento Home Depot y Citi pudieron corregir mi dirección al igual que en las veces anteriores y no lo hicieron, mostrando su mala intención de continuar cobrando indebidamente.

55- Que, al hablar con Citibank a principios de octubre de 2020, le aseguraron que la dirección había sido corregida, que los créditos por los intereses y cobros se iban a acreditar y a la vez que resolverían lo del crédito en el comercio.

56- Que incluimos aquí copia de la carta escrita por Card Member Services el día 17 de marzo de 2021 informando que no van a eliminar la anotación negativa enviada a las agencias de crédito hasta tanto no revisen los documentos solicitados en la carta del 17 de marzo de 2021, que es la misma información que Citi y Home Depot solicitaron anteriormente y que tienen desde octubre de 2020, enviada en repetidas oportunidades a Citi y a Home Depot. Esto denota que no tienen el menor deseo de corregir el daño ocasionado a Manuel Guillermety, (Exhibit # 3)

57- Que Citi ha hecho lo imposible por cargar y mantener los cargos en una cuenta que ha ido aumentando a razón de $ 55.00 dólares todos los meses, sin que el demandante tuviera conocimiento y pudiese protestarla hasta ahora.

58- Que, si esta situación maliciosa de Home Depot y Citi no existiera, con los pagos hechos por Manuel Guillermety a esta cuenta, la misma estaría pagada en demasía. (Ver Exhibit #4)
Que el total de lo cargado por intereses y mora es menor que la deuda de Manuel Guillermety a Home Depot y a Citi, por lo que entendemos que esta cuenta debe estar en cero, (Ver Exhibit # 4).

59- Que Citibank durante esos meses ha estado cargando un interés exagerado de un 25.99%, sin razón por su propio error.

Que los daños ocasionados por **CARDMEMBER SERVICES, THE HOME DEPOT CREDIT SERVICES, THE HOME DEPOT, THE HOME DEPOT CONSUMER CREDIT CARD, CITI CARDS y Citibank, N.A.,** se estiman en $ 235,000, adicional a los daños que ocasionaron con todas las anotaciones que se hubiera registrado en los reportes de las compañías informativas y cualquier otra defensa afirmativa y/o enmienda a las alegaciones y que el demandante, Manuel Guillermety, quien se reserva el derecho de levantar cualquier otra defensa, afirmativa y/o enmendar las alegaciones según surja en el descubrimiento de prueba.

Que una vez el **Honorable Tribunal de San Juan** vea la situación del daño ocasionado a Manuel Guillermety, emita una orden de **Cese y Desista** a Home Depot y a Citi para que remuevan la anotación

que Citi y Home Depot tienen en las agencias de crédito relacionado con el crédito de Manuel Guillermety, con idea de mitigar los daños ocasionados.

**POR TODO LO CUAL**, se solicita se condene a las partes aquí demandadas, a pagar la cantidad de $235,000 en daños a la parte demandante aquí compareciente y que el demandante, Manuel Guillermety, se reserva el derecho de levantar cualquier otra defensa afirmativa y/o enmendar las alegaciones según surja en el descubrimiento de prueba a los demandados: **CARDMEMBER SERVICES, THE HOME DEPOT CREDIT SERVICES, THE HOME DEPOT, THE HOME DEPOT CONSUMER CREDIT CARD, CITI CARDS y Citibank, N.A.,** a pagar la cantidad mencionada en daños, a corregir toda anotación que se hubiera registrado en los reportes de las compañías informativas de crédito, y que una vez el **Honorable Tribunal de San Juan** vea la situación del daño ocasionado a Manuel Guillermety emita una **Orden de Cese y Desista** a Home Depot y a Citi para que le quiten la anotación que Citi y Home Depot tienen sobre el crédito de Manuel Guillermety, con idea de mitigar los daños ocasionados.

Certifico que he enviado en esta misma fecha copia de este documento a:

CARDMEMBER SERVICES, dirección postal P.O. Box 6497, Sioux Falls, SD, 57117-6497;

THE HOME DEPOT CREDIT SERVICES, dirección postal P.O. Box 9001010, Louisville, KY, 40290-1010;

THE HOME DEPOT, con la dirección postal P.O. Box 790393, Saint Louis, Mo., 63179;

THE HOME DEPOT CONSUMER CREDIT CARD, dirección postal P.O. Box 790393, St. Louis, Mo., 63179; a

CITI CARDS, con la dirección postal P.O. Box 790345, Saint Louis, Mo., 63179-0345; y

Citibank, N.A., con la dirección postal, P.O. Box 790345, Saint Louis, Mo, 63179-0345,

dado en San Juan, Puerto Rico, hoy 14 de abril de 2021

Respetuosamente sometida,

En San Juan, Puerto Rico, a 14 de abril de 2021

Manuel I. Guillermety Méndez
La Cumbre Garden Apto. 205,
calle Santa Rosa # 200
San Juan, P.R., 00926-5635

Por,
Manuel Guillermety Méndez

Cel: 787 209 5358

**Sello**

4U20-0210125S

5120
04/15/2021
$90.00
Sello de Rentas Internas
80143-2021-0415-01943028

**Estado Libre Asociado de Puerto Rico**
**Tribunal de Primera Instancia**
**Sala SUPERIOR de SAN JUAN**

# 504

| | |
|---|---|
| MANUEL I. GUILLERMETY MENDEZ | CASO NÚM:  SJ2021CV02348 |
| Nombre de la(s) Parte(s) Demandantes(s) | |
| VS. | SALÓN NÚM: |
| CARDMENBER SERVICES Y OTROS | ACCIÓN CIVIL DE  INCUMPLIMIENTO DE CONTRATO, DAÑOS |
| Nombre de la(s) Parte(s) Demandada(s) | (Materia o Asunto) |

## EMPLAZAMIENTO

ESTADOS UNIDOS DE AMÉRICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:  THE HOME DEPOT
Nombre de la parte demandada que se emplaza

PO BOX 790393, ST LOUIS, MISSOURI, ESTADOS UNIDOS, 63179
Dirección de la parte demandada que se emplaza

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los ____30____ días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://tribunalelectronico.ramajudicial.pr/sumac2018/, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaría del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

MANUEL I. GUILLERMETY MENDEZ
Nombre del (de la) abogado(a) de la parte demandante, o de la parte, si no tiene representación legal

Número ante el Tribunal Supremo, si es abogado(a)

LA CUMBRE GARDEN, APTO. 205
CALLE SANTA ROSA #200
SAN JUAN, PUERTO RICO 00926
Dirección

TEL. 7872995358
Número de teléfono; número de fax

Correo electrónico

Expedido bajo mi firma y sello del Tribunal, el _____ de _____ de _____

16 APR 2021

~~Griselda Rodríguez Collado~~
Nombre del (de la) Secretario(a) Regional
Secretaria Regional

Por: _____  María Ocasio Rodríguez
Nombre del (de la) Secretario(a) Auxiliar
Secretaria Auxiliar

K027

CASO NÚM: _____

## CERTIFICADO DE DILIGENCIAMIENTO POR EL (LA) ALGUACIL

Yo, _____ Alguacil del Tribunal de Primera Instancia de Puerto Rico Sala de
_____

CERTIFICO que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí,
el _____ de _____ de _____, a las _____ ☐ am ☐ pm, de la siguiente forma:

☐  Mediante entrega personal a la parte demandada en la siguiente dirección física:
_____

☐  Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física:
_____

☐  Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para
recibir emplazamientos en la siguiente dirección física:
_____

☐  No se pudo diligenciar el emplazamiento personalmente debido a que:
_____
_____

En _____, Puerto Rico, el _____ de _____ de _____.

| _____ | _____ |
| Nombre del (de la) Alguacil Regional | Nombre del (de la) Alguacil de Primera Instancia y Número de Placa |

_____
Firma del (de la) Alguacil de Primera Instancia

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO POR PERSONA PARTICULAR

Yo, _Jose R. Ruz Figueroa_ declaro tener capacidad legal conforme la Regla 4.3 de Procedimiento Civil de
Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí,
el _27_ de _abril_ de _2021_, de la siguiente forma:

☒  Mediante entrega personal a la parte demandada en la siguiente dirección física: _(Asistente de Gerente)_
_The Home Depot - Lourdes Berrios_

☒  Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física:
_Outlets de Montehiedra, San Juan PR_

☐  Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para
para recibir emplazamientos en la siguiente dirección física:
_____

☐  No se pudo diligenciar el emplazamiento personalmente debido a que:
_____

## COSTOS DEL DILIGENCIAMIENTO

$ _____

## DECLARACIÓN DEL(DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista
en el diligenciamiento del emplazamiento es verdadera y correcta. Y PARA QUE ASÍ CONSTE, suscribo la presente en
_San Juan_, Puerto Rico, el _27_ de _abril_ de _2021_

| _____ | _Bo. Camuche(s) P.R. 00652_ |
| Firma del (de la) emplazador(a) | Dirección del(de la) emplazador(a) |

AFFIDÁVIT NÚM. _____ [en caso de ser juramentado ante un(a) notario(a)]

Jurado(a) y suscrito(a) ante mí por _____,
de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer

(conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)

En _____, Puerto Rico, el _____ de _____ de _____.

_____
Nombre del (de la) Notario(a) o Secretario(a) Regional

_____
Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal

OAT 1721 Emplazamiento (SUMAC)
(Rev. Mayo 2018)
Reglas de Procedimiento Civil de 2009, según enmendadas



# POPULAR.

**Aviso de Decisión de Crédito**

Fecha: 08/10/2020

Solicitud 20202801129110
Sucursal / Unidad: SENORIAL CENTER

Cosolicitante          Codeudor
del crédito solicitado por:

16
MANUEL  GUILLERMETY-MENDEZ          (768)
LAS CUMBRES GDNS
200 CALLE SANTA ROSA APT 205
SAN JUAN PR  00926

Estimado Solicitante:

Agradecemos su reciente solicitud de crédito para PRESTAMO PERSONAL.  Revisamos cuidadosamente su solicitud y lamentamos informarle que la misma no ha sido aprobada. Nuestra decisión de crédito se basó total o parcialmente en las siguientes razones:

MOROSIDAD GRAVE
ALTA PROPORCION SALDOS/LIMITE ROTATIVAS
MUY POCAS CTAS PAGADAS COMO ACORDADO
FECHA MOROSIDAD RECIENTE O DESCONOCIDA

En adición, nuestra decisión también se basó total o parcialmente en información obtenida de:

___ Una fuente externa que no es una agencia de información de crédito al consumidor.  Bajo la ley federal *Fair Credit Reporting Act*, usted tiene el derecho a solicitar por escrito una divulgación del origen de esta información dentro de 60 días del recibo de este aviso.  Nosotros le proveeremos las razones dentro de 30 días luego de recibir su solicitud.

X  Un informe obtenido de la agencia de información de crédito al consumidor que se indica mas abajo.  Bajo la ley federal *Fair Credit Reporting Act*, usted tiene derecho de conocer la información contenida en su archivo de crédito en la referida agencia.  No habrá cargo por este servicio si usted se comunica con la agencia dentro de 60 días a partir de la fecha de este aviso.  Después de este término, habrá un cargo mínimo por ese servicio.  Dicha agencia no intervino en nuestra decisión y no puede suministrarle las razones específicas de porqué se le denegó el crédito.  Usted también tiene el derecho de disputar la exactitud o certeza de la información contenida en el informe de crédito suministrado por la agencia de información de crédito.

| | |
|---|---|
| X  TRANSUNION | ___ EQUIFAX INFO SERVICES,LLC |
| PO BOX 1000 | PO BOX 740251 |
| CHESTER, P.A. 19016 | ATLANTA, GA 30374-0251 |
| WWW.TRANSUNION.COM/MYOPTIONS | WWW.EQUIFAX.COM/CREDITREPORTASSISTANCE |
| Toll Free Number  1 (800) 888-4213 | Toll Free Number  PR 1 (888) 611-9573 |
| | USA 1 (800) 685-1111 |

Obtuvimos su puntuación de crédito de una agencia de crédito y la utilizamos para la decisión de crédito.  Su puntuación de crédito es un número que refleja la información en su informe de crédito.  Su puntuación de crédito puede cambiar, dependiendo de cómo cambie su historial de crédito.

Su puntuación de crédito: 599          Fecha 06/10/2020
Las puntuaciones de crédito van desde un mínimo de 341 hasta un máximo de 850.

Los factores claves que afectaron adversamente su puntuación de crédito:

MOROSIDAD GRAVE
ALTA PROPORCION SALDOS/LIMITE ROTATIVAS
MUY POCAS CTAS PAGADAS COMO ACORDADO
FECHA MOROSIDAD RECIENTE O DESCONOCIDA

Si usted tiene alguna pregunta acerca de este aviso, debe comunicarse con nosotros a la siguiente dirección:

BANCO POPULAR DE PUERTO RICO
Region/Department: SENORIAL CENTER
PO BOX 362708
SAN JUAN, PUERTO RICO 00936-2708
Telephone (787) 766-3853

**AVISO:**  La ley federal *Equal Credit Opportunity Act* prohíbe que los acreedores discriminen contra los solicitantes de crédito por raza, color, religión, origen nacional, sexo, estado civil o edad (siempre y cuando el solicitante tenga la capacidad legal para obligarse contractualmente). Tampoco se podrá discriminar porque todo el ingreso del solicitante parte de él provenga de un programa de asistencia pública.  Esta ley prohíbe también el discrimen por razón de que el solicitante haya ejercido de buena fe algún derecho bajo la ley federal *Consumer Credit Protection Act*.

La agencia federal que administra o regular el cumplimiento de las leyes antes mencionadas respecto al Banco Popular de Puerto Rico es el *Bureau of Counsumer Financial Protection*, 1700 G Street NW., Washington, DC 20006.

GEN-423 05/2020

**EQUIFAX**

*EXHIBIT #2*

CREDIT FILE : October 19, 2020
Confirmation # 0293704201

Dear MANUEL I GUILLERMETY/MENDEZ:

Thank you for requesting your credit file, commonly called a Consumer Credit Report. Your credit file contains information received primarily from companies which have granted you credit and from public record sources. Great care has been taken to report this information correctly. Please help us in achieving even greater accuracy by reviewing all of the enclosed material carefully.

Thank you for also requesting your credit score. Credit scores are generated by applying a risk scoring model to information in an individual's credit file.

| Your Equifax® credit score of 567 |
|---|
| was created on October 19, 2020 and was based on the contents of your Equifax credit file on that date. |

**NOTE:** This credit score is an Equifax Risk Score℠, which ranges between 280 and 850. Higher scores generally reflect better credit standing.

The Equifax Credit Score is based on an Equifax Credit Score model. Third parties use many different types of credit scores and will not use the Equifax Credit Score to assess your creditworthiness.

| The key factors that affected your credit score are: | |
|---|---|
| **Reason Code** | **Explanation** |
| 205 | The credit line on revolving accounts |
| 294 | There is insufficient information, or no account history, for mortgage accounts |
| 290 | There is insufficient information, or no account history, for credit card accounts |
| 35 | The percentage of department store accounts or charge cards to all of the accounts in your credit file |

**Effect of Inquiries on Your Score:** Inquiries were an adverse factor in the calculation of your score, but did not significantly impact your score.

The Equifax Credit Score is based on an Equifax Credit Score model. Third parties use many different types of credit scores and will not use the Equifax Credit Score to assess your creditworthiness.

You may complete the enclosed Research Request Form and return it to:

**Equifax Information Services LLC**
**P.O. Box 740241**
**Atlanta, GA 30374**

**NOTE: Sending the Research Request Form to any other address will delay the processing of your request.**
Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

**Under the FACT Act, you have the right to request and obtain a copy of your credit score. To obtain a copy of your credit score, please call our automated ordering system at: *1-877-SCORE-11.***

P.O. Box 740241
Atlanta, GA 30374

October 20, 2020

EXHIBIT 1

**EQUIFAX**

To Start An Investigation, Please Visit Us At:
www.equifax.com/personal/disputes

000000037 FECE0000102020001086 01 000000 002550 008

000004844- DISC
MANUEL I GUILLERMETY/MENDEZ
200 CALLE SANTA ROSA APT 205
SAN JUAN, PR 00926-5635

0293704201-CUD-0847010600000001-10192020

*Exhibit #3*

# CARDMEMBER SERVICES
## P.O. BOX 6497
## SIOUX FALLS, SD 57117-6497

MANUEL GUILLERMETY
CALLE SANTA ROSA 200
LA CUMBRE GARDEN 205
SAN JUAN, PR 00926

March 17, 2021
Card No:   603532096448
THE HOME DEPOT

DEAR MANUEL GUILLERMETY:

We received your credit bureau dispute.  After reviewing the documentation
provided, we do not have sufficient information to investigate the dispute
because we cannot:
- Determine the exact information on your credit report which you are
  disputing

In order for us to conduct an investigation into your credit history dispute,
please provide the following information:
- Your Full Name

- Your Current Address

- Your Social Security Number

- Credit Card or Account Number

- The name of the fields on your credit report which you are disputing

- If applicable, the date(s) of any delinquencies or inquiries being
  reported by Citi which you are disputing

- Detailed explanation as to why you are disputing this information and why
  it should be changed

- The credit bureau(s) reporting the disputed information (Equifax,
  Experian, TransUnion)

- If available, a notated copy of your credit report clearly highlighting
  the disputed information

Please submit these details to the following address:

Retail Services Credit Bureau Disputes
PO Box 6497
Sioux Falls, SD  57117

Until such time that we can conduct an investigation into your dispute, the
information we reported to the Consumer Reporting Agencies for this account
will not be changed.

3020240 (8/19)

NOTICE: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Bureau of Consumer Financial Protection, 1700 G Street NW., Washington, DC 20552.

The creditor is Citibank, N.A., 5800 South Corporate Place, Sioux Falls, SD 57108. Please direct any questions to the return address on this letter.

AVISO: La Ley federal de Igualdad de Oportunidad de Crédito (The federal Equal Credit Opportunity Act) prohíbe a los acreedores discriminar a los solicitantes de crédito por su raza, color, religión, origen nacional, sexo, estado civil, edad, (siempre y cuando el solicitante tenga la capacidad legal para participar en un contrato vinculante); porque los ingresos, del solicitante se deriven parcial o totalmente de algún programa de asistencia pública; o porque el solicitante haya ejercido de buena fe cualquier derecho bajo la Ley de Protección de Crédito al Consumidor (Consumer Credit Protection Act). La agencia federal que se encarga del cumplimiento de esta ley concerniente a este acreedor es la: Bureau of Consumer Financial Protection, 1700 G Street NW., Washington, DC 20552.

El acreedor es Citibank, N.A., 5800 South Corporate Place, Sioux Falls, SD 57108. Por favor, dirija cualquier pregunta a la dirección del remitente que figura en esta carta.

Exhibit # 4

**New Home Depot Account Analysis**

Account number 6035 3209 6448 8306     **by: Manuel Guillermety  Feb 15 2021**

(As per Docs. submitted by Home Depot on February 06, 2021, accrewed until March 2021)

| Date | Late Charges to be credited | Disputed interest to be credited | Credit for other Charges | Payments made | Purchases made | Reference |
|---|---|---|---|---|---|---|
| 4/1/2019 | 28.00 | 2.84 | | | 102.18 | Acc.transfer? |
| 5/2/2019 | 28.00 | 2.84 | | | 65.43 | 6565233 |
| 6/2/2019 | 28.00 | 3.27 | 56.00 | | 18.22 | 9989258 |
| 7/1/2019 | 28.00 | 3.86 | | 28.00 | 89.5 | 9989397 |
| 8/1/2019 | 39.00 | 3.86 | | 107.00 | 28.69 | 7024089 |
| 9/1/2019 | - | 5.08 | | | 4.44 | 9190281 |
| 10/1/2019 | 28.00 | 16.24 | | 80.00 | 202.29 | 4291329 |
| 11/1/2019 | - | 15.50 | | 60.00 | 211.67 | 2064558 |
| 12/1/2019 | - | 15.82 | | | 10.99 | 9583548 |
| 1/2/2020 | - | 15.54 | | 28.00 | 37.95 | 1022274 |
| 2/2/2020 | 28.00 | 15.54 | | 28.00 | 60.31 | 3561262 |
| 3/2/2020 | 28.00 | 14.97 | | 78.00 | 8.16 | 6532458 |
| 4/2/2020 | - | 14.50 | | | | |
| 5/1/2020 | 39.00 | 15.99 | | | | |
| 6/2/2020 | 39.00 | 16.64 | | | | |
| 7/1/2020 | 39.00 | 16.64 | | | | |
| 8/2/2020 | 28.00 | 15.13 | | 205.00 | | |
| 9/2/2020 | 39.00 | 14.30 | 95.67 | | | |
| 10/1/2020 | 39.00 | 14.87 | 28.00 | | | |
| 11/2/2020 | 39.00 | 15.08 | | | | |
| 12/1/2020 | 39.00 | 16.81 | | | | |
| 1/1/2021 | 39.00 | 18.06 | | | | |
| 2/2/2021 | 39.00 | 18.06 | | | | |
| 3/2/2021 (*1) | 39.00 | 18.06 | | | | |
| Totals: | a) | b) | c) | d) | e) | |

| | | | | | |
|---|---|---|---|---|---|
| Contested late Charges | 653.00 | | | | |
| Interest to be credited | | 309.50 | | | |
| Credit for Other Charges | | | 179.67 | | |
| Payments made | | | | 614.00 | |
| Total to be credited (a+b+c+d) | | | | **1,756.17** | |
| Purchases made | | | | | -839.83 |

Notes:

(*1) Assumed Value, I have not received an invoice. PLEASE CORRECT ADDRESS IN YOUR INVOICING

MY ACTUAL CREDIT WITH YOUR COMPANY IS NO REASON FOR YOUR NEGATIVE ACTION

I have deducted all the late charges as these do not apply

I have deducted all the interest included as there is no reason for this charge.

FreedomPlus
P.O. Box 2340
Phoenix, AZ 85002-2340

*Exhibit #3*
*second page*

**cross river**

**freedom**plus

0016013   01 SP 0.510 **SNGLP H  990634786      -C01-P16029-I



Manuel Guillermety
11434 Jasper k Terris #1113
Windermere, FL 34786

05 February 2021

Dear Applicant:

Thank you for your recent application through LendingTree.com for a FreedomPlus loan.
Your request for a loan was carefully considered. However, we regret to inform you that we have
denied your application for the following reason(s):

- Serious delinquency
- Time since delinquency is too recent or unknown
- Ratio of balance to limit on bank revolving or other rev accts too high
- Too few accounts currently paid as agreed

We based this decision, in whole or in part, on information from the following consumer reporting
agency:

Experian
701 Experian Parkway
Allen, TX 75013
(888) 397-3742
www.experian.com

The reporting agency did not make the decision to deny your application and is unable to supply
specific reasons why we have denied credit to you.

You have a right under the Fair Credit Reporting Act to know the information contained in your
credit file at the consumer reporting agency. You also have a right to a free copy of your report
from the reporting agency, if you request it within 60 days of this notice. In addition, if you find that
any information contained in the report you receive is inaccurate or incomplete, you have the right
to dispute the matter with the consumer reporting agency. Any questions regarding such
information should be directed to the consumer reporting agency.

EXHIBIT #5



We also obtained your credit score from the above-referenced consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your consumer report changes. If you have any questions regarding your credit score, you should contact the credit report agency listed above.

Your credit score: 514  Date score was created: 1/12/2021
Scores range from a low of 300 to a high of 850.

The key factors that adversely affected your credit score:
- Serious delinquency
- Time since delinquency is too recent or unknown
- Ratio of balance to limit on bank revolving or other rev accts too high
- Too few accounts currently paid as agreed

FreedomPlus is providing this notice on behalf of Cross River Bank, 885 Teaneck Road, Teaneck, NJ 07666. If you have any questions regarding this notice, please contact us at the following address:

Cross River Bank
c/o FreedomPlus
P.O. Box 2340
Phoenix, AZ 85002-2340
(800) 297-5879, Fax (650) 393-6965

Sincerely,
Cross River Bank

**NOTICE:** The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the FDIC Consumer Response Center, 1100 Walnut St, Box #11, Kansas City, MO 64106.

9906-01-00-0016013-0001-0016055                                          1L1602901

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MANUEL I. GUILLERMETY MÉNDEZ** | |
| Plaintiff | **CASE NO.** |
| v. | |
| **CARDMEMBER SERVICES ET AL.,** | REMOVED FROM THE COURT OF FIRST INSTANCE, COMMONWEALTH OF PUERTO RICO, SAN JUAN PART, CIVIL NO. SJ2021CV02348 |
| Defendants | |

## RULE 7.1 CORPORATE DISCLOSURE STATEMENT

**COMES NOW** CITIBANK, N.A., through the undersigned counsel, and in compliance with Fed. R. Civ. P. 7.1, respectfully informs that: (i) Citibank, N.A. is a national bank with its main office located at 5800 S Corporate Place, Sioux Falls, SD 57108; (ii) Citibank, N.A. is indirectly owned by Citigroup, Inc., a publicly traded company and (iii) no publicly held corporation owns 10% or more of its stock.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this this day 27th of May, 2021.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that today we electronically filed this document with the Clerk of the Court using the CM/ECF system which shall automatically notify the parties attorney of record at his e-mail addresses and which, pursuant to Local Civil Rule 5(b)(2), constitutes the equivalent of service.  Additionally, on this same date, the foregoing Disclosure Statement was sent via courier to the **Clerk of the Court of First Instance**, San Juan Part in the State Action, and via email to the Plaintiff, **Manuel I. Guillermety Méndez** at:  jumangui@gmail.com and via

certified mail at the following address: La Cumbre Garden Apto. 205 Calle Santa Rosa #200 San

Juan, P.R. 00926-5635.



**PIRILLO LAW LLC**
PO Box 194981
San Juan, PR 00919-4981
Tel.: (787) 957-3082



By: */s/ Mónica A. Sánchez-Rivera*
Mónica A. Sánchez-Rivera, Esq.
USDC-PR No. 225403
msanchez@pirillolaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MANUEL I. GUILLERMETY MÉNDEZ** | |
| Plaintiff | **CASE NO.** |
| v. | |
| **CARDMEMBER SERVICES ET AL.,** | REMOVED FROM THE COURT OF FIRST INSTANCE, COMMONWEALTH OF PUERTO RICO, SAN JUAN PART, CIVIL NO. SJ2021CV02348 |
| Defendants | |

## RULE 7.1 CORPORATE DISCLOSURE STATEMENT

**COMES NOW** HOME DEPOT U.S.A., INC., through the undersigned counsel, and in compliance with Fed. R. Civ. P. 7.1, respectfully informs that: (i) Home Depot U.S.A. Inc. is a Foreign Profit Corporation with its principal office at 2455 Paces Ferry Road, Atlanta, Georgia, and registered in Delaware; (ii) Home Depot U.S.A., Inc., (Child) is a wholly owned subsidiary of The Home Depot, Inc. (Parent); (iii) The Home Depot, Inc. (Parent) is a publicly traded company and (iv) no publicly held corporation owns 10% or more of its stock.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this this day 27th of May, 2021.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that today we electronically filed this document with the Clerk of the Court using the CM/ECF system which shall automatically notify the parties attorney of record at his e-mail addresses and which, pursuant to Local Civil Rule 5(b)(2), constitutes the equivalent of service. Additionally, on this same date, the foregoing Disclosure Statement was sent via courier to the **Clerk of the Court of First Instance**, San Juan Part in the State Action, and via email to the Plaintiff, **Manuel I. Guillermety Méndez** at:  jumangui@gmail.com and via

certified mail at the following address: La Cumbre Garden Apto. 205 Calle Santa Rosa #200 San Juan, P.R. 00926-5635.

**PIRILLO LAW LLC**
PO Box 194981
San Juan, PR 00919-4981
Tel.: (787) 957-3082

By: */s/ Mónica A. Sánchez-Rivera*
Mónica A. Sánchez-Rivera, Esq.
USDC-PR No. 225403
msanchez@pirillolaw.com

2

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**   County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☐ 2   U.S. Government
        Defendant

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** *(Place an "X" in One Box Only)*                                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>     Liability<br>☐ 320 Assault, Libel &<br>     Slander<br>☐ 330 Federal Employers'<br>     Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>     Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>     Product Liability<br>☐ 360 Other Personal<br>     Injury<br>☐ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>     Product Liability<br>☐ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>☐ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>     Property Damage<br>☐ 385 Property Damage<br>     Product Liability | ☐ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>☐ 690 Other<br><br><br><br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>     Act<br>☐ 720 Labor/Management<br>     Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>     Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>     Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>     28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>     New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>     3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>☐ 480 Consumer Credit<br>     (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>     Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>     Exchange<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>     Accommodations<br>☐ 445 Amer. w/Disabilities -<br>     Employment<br>☐ 446 Amer. w/Disabilities -<br>     Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>     Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>     Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>☐ 871 IRS—Third Party<br>     26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>     Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>     Act/Review or Appeal of<br>     Agency Decision<br>☐ 950 Constitutionality of<br>     State Statutes |

**V.  ORIGIN** *(Place an "X" in One Box Only)*

☐ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation -
        Transfer

☐ 8   Multidistrict
        Litigation -
        Direct File

**VI.  CAUSE OF ACTION**        Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____
Brief description of cause:
_____

**VII.  REQUESTED IN**        ☐ CHECK IF THIS IS A **CLASS ACTION**        DEMAND $ _____        CHECK YES only if demanded in complaint:
**COMPLAINT:**            UNDER RULE 23, F.R.Cv.P.                                        JURY DEMAND:       ☐ Yes     ☐No

**VIII.  RELATED CASE(S)**
**IF ANY**            *(See instructions):*        JUDGE _____        DOCKET NUMBER _____

DATE _____        SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

<u>Civil Cover Sheet Attachment 1:</u>

Defendants' Attorneys and Law Firm Information -

**PIRILLO LAW LLC**
PO Box 194981
San Juan, PR 00919-4981
Tel.: (787) 957-3082

<u>By: */s/ Mónica A. Sánchez*</u>
Mónica A. Sánchez
USDC-PR No. 225403
msanchez@pirillolaw.com

.

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

### CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):  Sánchez Rivera, Mónica A.

USDC-PR Bar Number:  225403

Email Address:  msanchez@pirillolaw.com

1.  Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

Plaintiff:  Manuel I. Guillermety Méndez

Defendant:  Cardmember Services

2.  Indicate the category to which this case belongs:

☒  Ordinary Civil Case
☐  Social Security
☐  Banking
☐  Injunction

3.  Indicate the title and number of related cases (if any).

4.  Has a prior action between the same parties and based on the same claim ever been filed before this Court?

☐  Yes
☒  No

5.  Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

☐  Yes
☒  No

6.  Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

☐  Yes
☒  No

Date Submitted:  May 27, 2021

rev. Dec. 2009

| Print Form | Reset Form |